1
2
3
4
5                                                                JS-6
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHALA FRANCHISING, LLC, an Arizona limited liability company,<br><br>            Plaintiff,<br><br>     vs.<br><br>HYUNG JUN KIM, an individual; and DOES 1-10,<br><br>            Defendants. | Case No. CV-13-02933-MWF-FFM<br><br>**JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANT HYUNG JUN KIM** |

On February 24, 2014, the Court struck the Answer of Defendant Hyung Jun Kim ("Defendant") and directed the Clerk to enter default against Defendant and ordered Plaintiff Kahala Franchising, LLC ("Kahala") to lodge a proposed default judgment. (Docket No. 29). Thereafter, the Clerk entered Defendant's default. (Docket No. 30). Based upon the record established in this case, and for good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered against Defendant in the amount of $137,784.18, which sum is calculated as follows:

1. $48,000.00 for unpaid royalties per the Franchise Agreement;
2. $4,000.00 for sales report late fees and payment late fees per the Franchise Agreement;
3. $11,509.96 for interest on unpaid royalties, sales report late fees, and payment late fees per the Franchise Agreement;
4. $48,979.05 for the unpaid principal of the Promissory Note;
5. $16,448.91 for interest on the unpaid principal of the Promissory Note; and
6. $8,846.26 for attorneys' fees, which includes $2,667.50 in sanctions (*see* Docket No. 19), and $6,178.76 for fees per Local Rule 55-3 as described below.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that that Defendant, his spouse, officers, agents, servants and employees and any persons in active concert or participation with him are restrained and enjoined from:

1. Using "The Great Steak and Potato" and "Great Steak and Potato Company" Marks (collectively, the "GSPC Marks") or any trademark, service mark, logo or trade name that is confusingly similar to any of the GSPC Marks, either directly or contributorily, in any manner;
2. Otherwise infringing the GSPC Marks or using any similar designation, alone or in combination with any other components;

1      3. Passing off any of his products or services as those of Kahala or its
2         authorized franchisees;
3      4. Causing a likelihood of confusion or misunderstanding as to his affiliation,
4         connection or association with Kahala and its franchisees or any of
5         Kahala's products or services; and
6      5. Unfairly competing with Kahala or its franchisees, in any manner.
7    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to 15
8  U.S.C. § 1118 all labels, signs, prints, packages, wrappers, receptacles, and
9  advertisements in the possession of Defendant, his spouse, his agents, servants and
10 employees, and those people in active concert or participation with him bearing any of
11 the GSPC Marks, and all plates, molds, and other means of making the same, if any, be
12 immediately delivered to Kahala at Defendant's cost.
13   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant
14 shall promptly eliminate all advertising under the GSPC Marks or any other confusingly
15 similar designations from all media including, but not limited to, the Internet,
16 newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory
17 assistance listings and mass mailings, all at Defendant's cost.
18   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant
19 Kim, his spouse, officers, agents, servants and employees and any persons in active
20 concert or participation with him are ordered to:
21     1. Cease using and return to Kahala its proprietary Great Steak and Potato
22        Company® System (the "GSPC System") and equipment, including all
23        operating manuals and other confidential and proprietary information and
24        instructions and recipes provided to him;
25     2. Cease all advertising under the GSPC Marks and return to Kahala all
26        materials containing the GSPC Marks and logos; and,
27     3. Take all steps necessary to delete any public listing under the GSPC Marks,
28        including transferring the telephone number for his formerly franchised

3

store to Kahala and cancelling any name registrations with the Secretary of State.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kim, his spouse, officers, agents, servants and employees and any persons in active concert or participation with him are restrained and enjoined from using Kahala's trade secret and proprietary GSPC System, including all recipes and proprietary ingredients.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Kahala is the prevailing party for purposes of Federal Rule Civil Procedure 54. Kahala may submit its Bill of Costs to the Clerk pursuant to Local Rule 54-2, and may also recover as attorneys' fees the $2,667.50 awarded as sanctions against Defendant (*see* Docket No. 19), plus attorneys' fees for the default in the amount of $6,178.76 as provided by Local Rule 55-3 (awarding $5,600 + 2% of amount of judgment over $100,000) without further application to the Court, for a total amount of attorneys' fees of $8,846.26.

DATED: March 10, 2014.

MICHAEL W. FITZGERALD
United States District Judge